FILED
CLERK
4/27/2020 9:28 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
UNITED STATES OF AMERICA,

                     Plaintiff,

  -against-

JEFFREY BETTAN, CAROL JO BETTAN, DEUTSCHE
BANK NATIONAL TRUST CO., CARDIOTHORACIC
SURGERY PC, DONALD KUSTES, EDWARD
CARULLI, INTERBORO ATTORNEY SERVICES
CORP., NEW YORK STATE DEPARTMENT OF LABOR
UNEMPLOYMENT INSURANCE DIVISION, NASSAU
COUNTY OFFICE OF THE COUNTY TREASURER,
NEW YORK STATE DEPARTMENT OF TAXATION
AND FINANCE, NORMAN RIBACK, PROFIT SHARING
TRUST FOR MARPROWEAR CORP., RW LYNCH
COMPANY, INC. VILLAGE OF MINEOLA, and
VILLAGE OF GARDEN CITY,

                     Defendants.
------------------------------------------------------------------------X

**MEMORANDUM & ORDER**
15-CV-5204 (SJF) (AKT)

FEUERSTEIN, J.

      Plaintiff the United States of America (the "United States" or "Plaintiff") commenced this action pursuant to 26 U.S.C. § 7402 to reduce to judgment unpaid federal income tax liabilities of Defendant Jeffrey Bettan ("Bettan") and to enforce federal tax liens against certain real property. Defendants Carol Jo Bettan ("Carol Jo Bettan"), Deutsche Bank National Trust Co. ("Deutsche Bank"), and Norman Riback ("Riback") have also appeared.[1] Currently before the Court is Plaintiff's motion for summary judgment pursuant to Rule 56 of the Federal Rules of

---

[1] The remaining defendants were named because each has, or may claim, an interest in the real property upon which the United States seeks to enforce its liens. Defendant Cardiothoracic Surgery PC was voluntarily dismissed, *see* Docket Entry ("DE") [23]; the balance have not appeared and the Clerk has noted Entry of Default as to these defendants. *See* DE [47], [48].

Civil Procedure.  *See* Motion, DE [107].  For the reasons set forth below, the motion is granted in its entirety.

## I. BACKGROUND

### A. Admission of all Facts in Plaintiff's Rule 56.1 Statement

The relevant facts as set forth below are taken from Plaintiff's Local Civil Rule 56.1 Statement ("Pl. 56.1 Stmt" or "Plaintiff's Rule 56.1 Statement"), DE [107-2].  Defendants failed to file a counterstatement as required by Local Civil Rule 56.1(b).  Pursuant to that Rule, "[e]ach numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed admitted for purposes of the motion [for summary judgment] unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party."  LOC. CIV. R. 56.1(c).  Bettan and Carol Jo Bettan (collectively, the "Bettans") have filed an affirmation in opposition that does not correspond in any way to Plaintiff's Rule 56.1 Statement.  Affirmation in Opposition to Plaintiff Motion for Summary Judgment ("Defs' Aff."), DE [108].  Moreover, this document does not seek to controvert any of the relevant facts in Plaintiff's Rule 56.1 Statement.

Plaintiff's Rule 56.1 Statement properly contains citations to admissible evidence supporting each asserted material fact.  LOC. CIV. R. 56.1(d); *see generally Giannullo v. City of New York,* 322 F.3d 139, 140 (2d Cir. 2003) (noting that to be deemed admitted even in the absence of a counterstatement, the factual assertion must be supported by the record).  Given Defendants' failure to comply with its obligation to respond, the facts in Plaintiff's Rule 56.1 Statement are deemed admitted.

**B. Facts -- Bettan's Tax Liability**

Based on federal individual tax returns filed by him in 2004, Bettan has been assessed tax liabilities for the tax periods ending December 31, 1996, December 31, 1997, December 31, 1998, and December 31, 2000. Both statutory penalties and statutory were assessed on the tax liabilities. As of October 1, 2018, the outstanding balance owed by Bettan was $294,907.88. *See* Declaration of IRS Technical Service Advisor Andrew Barone, ¶ 6, DE [107-13]. A Notice of Federal Tax Lien was recorded with the Nassau County Clerk's Office on October 12, 2005, and refiled notices were recorded on September 16, 2014 and October 31, 2014.

Bettan owns real property located at 57 Parkway Drive, Roslyn Heights, New York (the "Property"). The Property was conveyed on April 13, 1976 to Bettan and Carol Jo Bettan as tenants by the entirety. Answer, ¶ 24. The Bettans executed a deed dated October 20, 1981 purporting to convey the Property to Carol Jo Bettan, but that transfer was subsequently deemed invalid by a New York State court and the Bettans remain co-owners by the entirety of the Property. *See Bettan v. Bettan,* Index No. 08-00536, (N.Y. Sup. Ct. Dec. 10, 2014), Pl. 56.1 Stmt, Ex. 6.

Deutsche Bank holds a first mortgage on the Property, and Riback holds a second mortgage on the Property. The Bettans have not made a full payment on the mortgage held by Deutsche Bank since April 1, 2006, and as of October 7, 2018, owed $532,074.28. They have not made a payment on the mortgage held by Riback since July 2002 and, as of July 11, 2017, owed $185,289.00.

**C. Procedural History**

Plaintiff commenced this action on September 9, 2015 and amended the complaint twice, most recently on March 17, 2016. *See* Second Amended Complaint ("SAC"), DE [28]. From

3

June 15, 2016 through November 2, 2016, Bettan requested and received three extensions of time to file an answer so that he could retain counsel. *See* DE [44], [53], [61], Elec. Order of 11/4/16. After the final extension of time expired on November 25, 2016, the United States requested entry of a Certificate of Default as to the Bettans. The Clerk's Entry of Default was issued on December 8, 2016. *See* DE [64].

On December 14, 2016, District Judge Joseph F. Bianco issued an order directing defendants Bettan and Carol Jo Bettan to respond in writing within twenty-one days as to why default judgment should not be entered against them. Order, DE [65]. Bettan then sought, and received, further extensions, this time so that he could apply for readmission to practice law in the Eastern District of New York.[2] *See* DE [67], [68], [69], [70]. Bettan moved for readmission and on April 12, 2017, the deadline for the Bettans answer was stayed pending a decision on that motion. DE [74].

In the interim, default judgment was entered on April 19, 2017 against defaulting defendants Interboro Attorney Services Corp., New York State Department of Labor Unemployment Insurance Division, Nassau County Office of the County Treasurer, New York State Department of Taxation and Finance, Profit Sharing Trust for Marprowear Corp., RW Lynch Company, Inc., Village of Mineola, Village of Garden City, Donald C. Kustes, and Edward Carulli. Judgment, DE [77]. The Judgment declared that the defaulting defendants "have no right, title, claim, lien or interest" in the Property and that they are "not entitled to a distribution of any proceeds from any sale" of the Property. *Id.* at 3. Deutsche Bank and Riback remain as defendants to this action.

---

[2] According to Bettan, he was disbarred in August 2003 and reinstated to the practice of law in New York state on January 23, 2013. Defs' Aff. ¶3.

4

On August 17, 2017, the United States moved for a default judgment against the Bettans. DE [78]. In that motion, the United States noted that Bettan's motion for reinstatement had been granted. *In re Bettan,* No. 00-MC-276-ERK, DE [10] (Order of reinstatement dated 4/25/17). The Bettans were again directed to respond in writing within twenty-one days as to why default judgment should not be entered against them. Order, DE [80]. After requesting and receiving an extension of time, *see* DE [82], [83], the Bettans finally responded by filing an answer with counterclaim on September 14, 2017. DE [85]. Judge Bianco ultimately ordered the vacateur of the Clerk's Entry of Default of the Bettans and accepted their answer. Minute Entry of 12/19/17, DE [95].

Filings on the docket reflect that during the early part of 2018, the parties attempted to reach a settlement. According to the United States, the potential settlement contemplated (1) the Bettans' completion of an application for loan modification of the Deutsche Bank loan, (2) a decision on that application qualifying them for a modification, (3) followed by Bettan's concession of liability in exchange for the United States' agreement "not to enforce its liens while Mr. Bettan resides in the property, provided he stays current on insurance, property taxes, and the new mortgage payments." Letter of 2/14/18, DE [100]. In July 2018, the United States sought a premotion conference in anticipation of its motion for summary judgment, reporting that the Bettans had failed to apply for the loan modification. Letter of 7/6/18, DE [101]. Judge Bianco conducted a telephone conference with the parties on July 26, 2018 at which time the parties discussed a potential settlement whereby Bettan would enter into a consent judgment conceding liability and agreeing to sever the Bettans' entireties interest in the Property and convert it to a tenancy in common. The United States prepared a proposed stipulation and consent judgment and provided them to defendants, including counsel for Deutsche Bank and

5

Riback. DE [103]. The defendants failed to execute and return the documents, and a briefing schedule for the United States' motion for summary judgment was set. *See* Elec. Order of 9/7/18.

Briefing on the motion was completed on February 26, 2019. On April 18, 2019, Bettan requested that the Court hold decision on the motion in abeyance "while negotiations continue" to modify the Deutsche Bank mortgage. DE [113]. Bettan relayed that he had received a Repayment Plan that was "totally unrealistic" and was trying to "keep the negotiations open to a more realistic Repayment Plan." *Id.* Judge Bianco denied that request, noting that the United States had indicated in its response that contrary to defendants' representations, "the United States is no longer willing to settle." Order, DE [115]. The case was reassigned to this Court on May 31, 2019.

The United States seeks summary judgment against Bettan to (1) reducing his unpaid tax liability assessments to judgment ; (2) declaring that its federal tax liens attach to Bettan's interest in certain real property; and (3) declaring that the it may enforce its federal tax liens against the Property through a sale by a court-appointed receiver, pursuant to 26 U.S.C. §7403.

## II. LEGAL STANDARDS

Rule 56 provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). In deciding a motion for summary judgment, the court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 122 (2d Cir. 2004) (quoting *Weyant v. Okst,* 101 F.3d 845, 854 (2d Cir.

1996)). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Ricci v. DeStefano,* 557 U.S. 557, 586, 129 S. Ct. 2658, 174 L. Ed. 2d 490 (2009) (internal quotation marks and citation omitted); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) (holding that a motion for summary judgment should be denied if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party").

"The moving party bears the burden of establishing the absence of any genuine issue of material fact." *Zalaski v. City of Bridgeport Police Dep't,* 613 F.3d 336, 340 (2d Cir. 2010). Once this burden is met, "the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown v. Eli Lilly & Co.,* 654 F.3d 347, 358 (2d Cir. 2011). When, however, there is nothing more than a "metaphysical doubt as to the material facts," summary judgment is proper. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986); *see also Dove v. City of New York*, No. 03-CV-5052, 2007 WL 805786, at *4 (E.D.N.Y. Mar. 15, 2007) (to defeat a motion for summary judgment, "the non-moving party must provide this Court with some basis to believe that his version of relevant events is not fanciful" (internal quotation and citations omitted)). In determining whether summary judgment is warranted, "the court's responsibility is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir. 1986).

Defendant Bettan is an attorney appearing on his own behalf and on behalf of his wife, Carol Bettan. Pro se attorneys "cannot claim the special consideration which the courts customarily grant to *pro se* parties." *Holtz v. Rockefeller & Co*., 258 F.3d 62, 82 n.4 (2d Cir.

2001), *abrogated on other grounds by Gross v. FBL Fin. Servs., Inc.,* 557 U.S. 16 (2009). As such, Bettan's submissions are not treated "with the deference generally afforded to *pro se* litigants." *Parris v. Fremont Inv. & Loan,* No. 14-CV-6907, 2018 WL 3377147, at *2 (E.D.N.Y. July 11, 2018).

## III. DISCUSSION

### A. Plaintiff's Motion[3]

The United States first seeks to reduce Bettan's unpaid tax liability to judgment. "A government tax assessment is generally presumed to be correct, and a taxpayer who contests such an assessment bears the burden of proving that it is not." *Papandon v. United States ex rel. Perler,* 350 F. App'x 491, 493 (2d Cir. 2009) (citing *United States v. Janis,* 428 U.S. 433, 440-41, 96 S. Ct. 3021, 49 L. Ed. 2d 1046 (1976)). "It is well established that the IRS's tax calculations (including calculations of interest and penalties) are presumptively valid and create a *prima facie* case of liability, such that the Government is entitled to have the assessment reduced to judgment unless the taxpayer overcomes the presumption by the IRS that the assessment is correct." *United States v. Chrein,* 368 F. Supp. 2d 278, 282 (S.D.N.Y. 2005) (internal quotation marks and citation omitted), *aff'd,* 274 F. App'x 56 (2d Cir. 2008).

The United States has submitted certified copies of Form 4340 tax transcripts for each of the four relevant tax periods. These documents suffice to verify Bettan's outstanding tax liability. *See United States v. Wales,* No. 14 Civ. 864, 2017 WL 2954683, at *5 (S.D.N.Y. July 11, 2017) ("Courts in this circuit routinely consider IRS tax transcripts as competent evidence of tax liability"); *Nassar Family Irrevocable Trust v. United States,* No. 13 Civ. 5680, 2016 WL

---

[3] The United States' arguments in support are unopposed; although the Bettans submitted an Affirmation in Opposition to the motion, that document does not address the United States' arguments but rather raises other arguments that will be discussed below. *See* Section III-B.

5793737, at *12 (S.D.N.Y. Sept. 30, 2016) (the presumption of correctness "extends to the Forms 4340 generated by the IRS"), *aff'd in part,* 699 F. App'x 40 (2d Cir. 2017).  Defendants do not contest Bettan's tax liability or challenge in any way the accuracy of the assessments made against him.  Given the presumption of correctness afforded to the tax assessments and Defendants' failure to introduce any evidence whatsoever rebutting Bettan's underlying tax liability, the assessments rendered against Bettan are presumed valid and the assessments will be reduced to judgment.

The United States further seeks a declaration that its federal tax liens attach to Bettan's interest in the Property.  The United States is entitled to a lien "upon all property and rights to property" belonging to a taxpayer liable for unpaid taxes.  26 U.S.C. § 6321.  That lien continues "until the liability for the amount so assessed (or a judgment against the taxpayer arising out of such liability) is satisfied or becomes unenforceable by reason of lapse of time."  *Id.* § 6322.  The United States' federal tax liens attach to Bettan's interest in the Property, which is held by Bettan and Carol Jo Bettan as tenants by the entirety.   Under New York law, "each tenant may sell, mortgage or otherwise encumber his or her rights in the property, subject to the continuing rights of the other."  *S.E.C. v. Vuono,* No. 13-MC-405, 2013 WL 6837568, at *7 (S.D.N.Y. Dec. 26, 2013) (quoting *V.R.W., Inc. v. Klein,* 68 N.Y.2d 560, 565, 503 N.E.2d 496, 510 N.Y.S.2d 848 (1986)).  Thus, the United States' liens attach to Bettan's one-half interest in the Property.

Having decided that the United States is entitled to judgment against Bettan and that its tax liens attach to the Property, the Court turns to the United States' request that it authorize sale of the Property.  The United States seeks to enforce its liens by sale of the Property pursuant to 26 U.S.C. § 7403, which permits the court, upon notice to the parties, to decree a sale of property and "a distribution of the proceeds of such sale according to the findings of the court in respect to

9

the interests of the parties and of the United States." *Id.* § 7403(c). The United States has satisfied the notification requirement as proper notice has been provided to parties with an interest in the Property. As discussed above, all defendants except the Bettans, Deutsche Bank, and Riback, have had a default judgment entered against them declaring that they have no interest in the Property and are not entitled to any sale proceeds.

The Supreme Court has recognized that "district courts may exercise a degree of equitable discretion in § 7403 proceedings" which may take into account "both the Government's interest in prompt and certain collection of delinquent taxes and the possibility that innocent third parties will be unduly harmed by that effort." *United States v. Rodgers,* 461 U.S. 677, 709, 103 S. Ct. 2132, 76 L. Ed. 2d 236 (1983). However, "the limited discretion accorded by § 7403 should be exercised rigorously and sparingly, keeping in mind the Government's paramount interest in prompt and certain collection of delinquent taxes." *Id.* at 711. Furthermore, the Court noted that it "can think of virtually no circumstances. . . in which it would be permissible to refuse to authorize a sale simply to protect the interests of the delinquent taxpayer himself or herself." *Id.* at 709.

The Bettans have listed several "additional circumstances" in their papers. *See* Defs' Aff. at p. 8. To the extent these are offered as reasons to deny the United States' request to proceed with sale of the Property, they are unavailing. The Court accords little weight to any purported harm to the taxpayer, Bettan, nor does it find that reliance on imaginary settlement negotiations justifies any delay. The only consideration meriting discussion concerns a third-party, Carol Jo Bettan's elderly mother, who resides at the Property. The Bettans do not indicate that she has any legal interest in the Property, but rather make the assertion that moving her would "cause her irreparable physical Damage." Defs' Aff. at p. 8. This lone statement is

10

conclusory and unsupported by any evidence. Notwithstanding the Court's sympathy for the Bettans' personal circumstances and that of Carol Jo Bettan's mother, they have failed to raise any argument warranting an exercise of discretion to deny or delay the sale of the Property.

On the other hand, postponing the sale would not produce an equitable result and instead would prejudice the United States since, absent a sale, it would have no alternative means to enforce its valid tax liens. At the end of the day, the United States will be entitled only to Bettan's one-half interest or 50% of the sale proceeds minus satisfaction of both mortgages. Since the Bettans have made no payments on either mortgage since 2006 with the result that their obligations on those debts continues to grow, the United States' ability to recover is diminished monthly.

The motion for summary judgment is granted in its entirety, including a direction for sale of the Property pursuant to § 7403.

**B. Defendants' Opposition**

The Bettans do not suggest that the liens are invalid or challenge Bettan's tax liability but instead raise the following arguments in opposition to the motion: (1) the motion should be denied or held in abeyance while settlement negotiations proceed 2) there are questions of fact regarding "whether there was compliance with the necessary pre[re]quisites to maintain a foreclosure action," Defs' Aff. at p.4; and (3) the Bettans did not consent to this case's removal from state court and thus the matter should be remanded.

As to the purported settlement negotiations, the Bettans contend that "both the plaintiff United States and the defendants Jeffrey Bettan and Carol J. Bettan are desirous of reaching a consent Settlement and Entry of Judgment in this action." Defs' Aff. at 2. The United States disagrees, stating that it is no longer willing to settle in light of its discovery that the Bettans

11

have been arrears in their mortgage payments since 2006. Reply Memorandum at 2, DE [110]. The Court cannot and will not force a settlement between unwilling litigants. "Although a court cannot force litigants to settle an action, it is well established that a court can require parties to appear for a settlement conference, and impose sanctions pursuant to Rule 16(f) if a party fails to do so." *Bulkmatic Transp. Co. v. Pappas,* No. 99-Civ.-12070, 2002 WL 975625, at *2 (S.D.N.Y. May 9, 2002). On this record, the Court declines to exercise any authority it may have to direct the parties participate in fruitless settlement "negotiations." The Bettan defendants have prolonged this litigation at every turn, seeking extension after extension including in applying for a loan modification in furtherance of settlement discussions. As there is no evidence on the record that further settlement discussions would be successful, there will be no order mandating a settlement conference. Of course, the parties may continue to discuss settlement on terms they find mutually agreeable. Such negotiations will not, however, delay issuance of this decision.

The Bettan defendants' arguments regarding their lack of consent to removal of a state court action and whether there has been compliance with the prerequisites for a foreclosure action arise from same misconception regarding the nature of the current case vis a vis a foreclosure action filed in New York Supreme Court, Nassau County by Deutsche Bank, *Deutsche Bank National Trust Co. v. Bettan,* Index No. 5162/2006 (the "*Deutsche Bank* action").

The Bettans first argue that they did not consent to the removal to this Court of the *Deutsche Bank* action, and, in light of their lack of consent, seek remand to state court. They further suggest that the removal was made pursuant to 28 U.S.C. § 1441(a). *See* Defs' Aff. at ¶11. The current case is not, in fact, the *Deutsche Bank* action continued in this Court via removal but rather a separate, independent action commenced by the United States pursuant to federal law. *See* 26 U.S.C. § 7402 (district courts have jurisdiction to, *inter alia,* "render such

12

judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws"); *id.* § 7403 (where there has been a refusal or neglect to pay any tax, a civil action may be filed "in a district court of the United States to enforce the lien of the United States under this title with respect to such tax or liability or to subject any property. . . of the delinquent . . . to the payment of such tax or liability"). The Bettans do not address the Court's jurisdiction to entertain this action beyond its specious removal position, a position that Bettan has persistently advanced, raising it as a defense in the Answer, *see* Answer ¶31, and by motion to remand which was denied by Judge Bianco. *See* Minute Entry of 12/13/17, DE [95].

      The Bettans alternatively argue that even if the case was properly removed, the United States has failed to comply with various notification requirements under provisions of New York Banking Law and Real Property and Proceedings Law that act as conditions precedent to a foreclosure action. Again, they misapprehend the nature of the instant action, which is a federal action wherein the United States seeks to enforce federal tax liens. The New York state provisions are simply not relevant to the relief sought here. Under federal law, the court has the authority to appoint a receiver to sell property to enforce the lien. *See* 26 U.S.C. § 7403(d). "The statute does not require...that a separate foreclosure process take place prior to appointment of a receiver." *United States v. Evseroff,* No. 00-CV-6029, 2014 WL 202563, at *2 (E.D.N.Y. Jan. 16, 2014).

13

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment, DE [107] is granted in its entirety.    The United States shall submit a proposed judgment consistent with this Order **by May 11, 2020**.

**SO ORDERED**.

/s/ *Sandra J. Feuerstein*

Sandra J. Feuerstein
United States District Judge

Dated: Central Islip, New York
            April 27, 2020